## Bagwell v. Copeland, et al.

(Decided February 10, 1915.)

### Appeal from Graves Circuit Court.

1. **Evidence—Damages—Action for Assault Upon Female—Verdict.** —In an action for assault upon a female with intent to have carnal knowledge of her, the evidence is examined and held sufficient to support the verdict.

2. **Evidence—Witnesses.**—Where the defendant had in his evidence attacked the moral character of the plaintiff, and in rebuttal the plaintiff's attorney announced that he had some character witnesses to introduce and the court said, "let them be considered introduced," the defendant cannot complain of being deprived of the right to cross-examine such witnesses when the record fails to show that they were ever in fact introduced, or that any statement as to what their evidence would be was submitted to the jury.

STANFIELD & STANFIELD for appellant.

W. S. FOY for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellees, husband and wife, instituted this action against appellant, charging an assault by him upon the female plaintiff with intent to have carnal knowledge of her; the jury returned a verdict for the plaintiffs for $500, upon which judgment was entered, and the defendant has appealed.

Mrs. Copeland testified that she and her husband were tenants of appellant, and had been, at times, for several years; that one morning in October, 1913, ap-

pellant came to their home, on the place, at a time when he knew her husband was absent, and when only her three months old infant was at the house with her, and took hold of her arms and wrists and refused to turn her loose upon her frequent demands; that he continued to hold to her until her sister-in-law appeared upon the scene, when he promptly released his hold and left. The sister-in-law fully corroborated her statements, testifying, in substance, that she saw appellant have hold of Mrs. Copeland, heard her demanding to be released, and that he did not release her until the presence of the witness was discovered.

The defendant testified that he did not assault the female plaintiff; that he did not take hold of her arms and wrists, but admitted that he was at the house at the time and that when Mrs. Copeland showed him a roll of goods which she had purchased, he did place his hand upon her hand by way of congratulating her on the roll of goods purchased.

The verdict, instead of being flagrantly against the evidence, is in accord with its weight.

Appellant further introduced witnesses who, more or less successfully, impeached the moral character of the female appellee; but, in rebuttal, it was announced by appellee's attorney that he had some character witnesses to introduce, when the court said, "Let them be considered introduced," whereupon the defendant excepted. But there is nothing in the record, or in the bill of exceptions to show that any such witnesses were introduced; that any statement as to what their evidence was or would be was given to the jury; what their names were, or whether the defendant offered to cross-examine them or any of them, or whether he had been denied such privilege.

The appellant complains bitterly of being denied the right to cross-examine these witnesses when the record fails to disclose, not only what their evidence was, but whether in fact they were ever introduced.

Certainly, if the witnesses were never introduced, and gave no testimony, appellant was deprived of no right guaranteed to him by law, for he had no right to cross-examine them until they were introduced and their evidence in chief heard.

We see no error in the record and the judgment is affirmed.